FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 06 2009

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**CARL JACKSON**                                                          **PLAINTIFF**

v.                            Case No. 4:09-CV-0257BSM

**SAFECO NATIONAL INSURANCE**
**COMPANY, LITTLE ROCK COUMMUNITY**          This case assigned to District Judge _Miller_
**MENTAL HEALTH CENTER, KIMBERLY**           and to Magistrate Judge _____
**WILLIAMS, PATRINA TABURN, TRACY**
**DAVIS, B.J. ROBISON, DR. GREG KACZENSKI,**
**ROSA PORTER, and TOM GRUNDEN**                           **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Carl Jackson, by and through his attorneys, Pryor, Robertson, Beasley & Smith, PLLC, and for his Complaint against the Defendants, Little Rock Community Mental Health Center, Kimberly Williams, Patrinia Taburn, Tracy Davis, B.J. Robison, Dr. Greg KaczenskiN, Rosa Porter, and Tom Grunden, states:

### Parties and Jurisdiction

1.      Plaintiff is a resident of Pulaski County, Arkansas. He suffers from bipolar mental disorder, and Acquired Immunodeficiency Syndrome (AIDS).

2.      Little Rock Community Mental Health Center ("LRCMHC") is a health care facility originally founded by the Arkansas State Hospital in 1967. It is one of several facilities that enforces the release conditions for mentally ill citizens acquitted of a crime under A.C.A. § 5-2-314 ("Act 911"). In this role, LRCMHC acts under color of law as an

agent of the State of Arkansas.

3.    Plaintiff has reason to believe that LRCMHC is a non-profit organization and may claim to be immune from suit. To that extent, Plaintiff asserts its actions against Defendant Safeco National Insurance Company ("Safeco") as a provider of liability insurance to LRCMHC pursuant to A.C.A. § 23-79-40.

4.    Defendant Kimberly Williams was the Act 911 Program Manager at LRCMHC during all relevant times. She was responsible for the policies and practices of the LRCMHC. She was also a counselor for Plaintiff during LRCMHC's custody of him.

5.    Defendants Patrina Taburn and Tracy Davis are or were social work caseworkers employed by LRCMHC and assigned to Plaintiff during his custody with LRCMHC.

6.    Defendant B.J. Robison is an employee of the Arkansas Department of Health and Human Services, where he was at all relevant times the Department's Act 911 Compliance Monitor.

7.    Defendants Dr. Greg Kuczinski, Rosa Porter, and Tom Grunden are those persons having control or direction over Plaintiff during his assignment to LRCMHC, or persons having responsibility for the creation of policies and practices affecting Plaintiff during that period.

8.    This action is brought to redress deprivation of the Constitutional rights of

2

Plaintiff as allowed by 42 U.S.C. § 1983. This action is for declaratory, injunctive, and other appropriate relief, including monetary damages for pain and suffering inflicted on Plaintiff, and for attorney fees and cost. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1391. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Plaintiff also brings pendent claims under the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et. seq.*, and common law claims for medical malpractice, outrage, negligent supervision selection, and malicious prosecution, pursuant to 28 U.S.C. § 1367.

## Factual Allegations

9.     In October of 2006, Plaintiff was acquitted of certain misdemeanor criminal charges against him by reason of his mental illness, and the Pulaski County Court granted him a conditional release under A.C.A. § 5-2-314 ("Act 911").

10.     The terms of Plaintiff's release required him to be under the 5-year custody and supervision of LRCMHC, "to ensure compliance with his prescribed medication and treatment regime." The Court required him to take all recommended medication, comply with any recommended therapy, refrain from leaving the state "without prior authorization from the treatment team," and to submit to regular drug tests.

11.     This treatment regime was designed and administered by Kimberly Williams

3

and LRCMHC, under the color of law.

12.     For several months during Plaintiff's custody at LRCMHC, his counseling was assigned to Defendants Taburn and Davis.

13.     Defendant Williams and LRCMHC were aware, or should have been aware, that Taburn and Davis had previous reports of sexual harassment against them by patients, but their employment was not terminated.   Further, neither Williams nor LRCMHC instituted appropriate supervision of Taburn and Davis in response to the previous reports.

14.     During the course of Plaintiff's custody with LRCMHC, and during house visits required by LRCMHC, Defendant Taburn told Plaintiff that Defendant Davis was sexually attracted to him.  Taburn also attempted to facilitate a relationship between the two.

15.     During official house visits required by LRCMHC, Defendant Davis personally expressed her attraction to Plaintiff. Thereafter, she regularly solicited Plaintiff, making crude and unprofessional sexual advances even after Plaintiff emphatically demanded that she stop.  This pattern of harassment was severe and pervasive.

16.     Plaintiff reported this behavior to Defendant Williams.  Williams initially refused to let Plaintiff file a formal grievance, telling him that no procedure was in place for Act 911 patients.  At some point thereafter, Plaintiff was allowed to file a grievance.

17.     Williams instructed Plaintiff not to tell anyone of the harassment, but Plaintiff

4

replied that he would speak about it if he wished.

18.     In June of 2007, Plaintiff received permission from LRCMHC's Treatment Team to travel to California to visit friends and family.

19.     Upon Plaintiff's departure to California, Williams reported Plaintiff to the State's 911 Compliance Monitor B.J. Robison, alleging that Plaintiff had violated the terms of his conditional release by leaving the state without the court's permission.

20.     Williams knew that Plaintiff's conditional release did not require court approval for interstate trips.

21.     This report was in retaliation against Plaintiff for his charge of sexual harassment and his exercising rights of free speech concerning the same.

22.     Robison subsequently reported Plaintiff to the county court. This report resulted in Plaintiff's wrongful detention at the Arkansas State Hospital for a period of 13 days.

23.     Robison knew that Plaintiff's conditional release did not require court approval for interstate trips.

24.     The court subsequently declined to revoke or otherwise alter Plaintiff's conditional release, announcing that LRCMHC and Robison's charges were "frivolous", "foolish," and a waste of government resources.

25.     Unfazed by the first judge's admonishments, the Defendants again

5

represented to the court (a different judge) the same lies about court approval for interstate trips. This successful misrepresentation lead to Plaintiff being ordered to house arrest and additional restrictions to his Conditions of Release. Plaintiff ultimately spent 108 days incarcerated in the Arkansas State Hospital as a result.

26.   In August of 2007, the court transferred Plaintiff to the custody of a new mental health center.

27.   As a result of Plaintiff's mistreatment at LRCMHC, he has been diagnosed with Post Traumatic Stress Disorder, and has frequent flashbacks and nightmares of the harassment and subsequent retaliation. Due to stress, his HIV (which had previously been under control) prematurely and unexpectedly progressed to AIDS. He suffers great emotional distress. Damage to his reputation, self regard, and quality of life are extensive.

### Violations of Law

28.   Defendants violated Plaintiff's constitutional rights under the 1st, 8th, and 14th Amendments and under the Arkansas Civil Rights Act by:

a)   Subjecting him to severe and pervasive sexual harassment;

b)   Denying him adequate access to a formal grievance procedure;

c)   Attempting to restrain his free speech on the issue of harassment;

d)   Retaliating against his exercise of free speech;

e)   Retaliating against his protected right to report sexual harassment;

f)     Knowingly issuing a false progress report to the court; and

g)     Maintaining a policy and practice which provided inadequate or nonexistent protective procedures for Act 911 patients who allege harassment.

29.     Plaintiff also alleges that LRCMHC was negligent in its hiring, supervision, and retention of its case workers, as well as making a false report to the court. Further, LRCMHC's conduct constitutes medical malpractice. Finally, the conduct was an intentional infliction of emotional distress, sufficient to constitute the tort of outrage under Arkansas law. In the event that this Court determines that LRCMHC is immune from suit, Plaintiff alleges these causes of action against Safeco as its liability insurer.

### Prayer for Relief

30.     As relief for the above described violations, Plaintiff requests that this Court:

a)     Grant a declaratory judgment that the actions taken against Plaintiff were in violation of 42 U.S.C. § 1983, the Arkansas Civil Rights Act, and Arkansas common law;

b)     Award Plaintiff compensatory damages, pre-judgment interest, post-judgment interest, punitive damages, attorneys' fees, costs, and other such sums as will make him whole for the unlawful and unconstitutional actions against him;

c)     Award Plaintiff compensatory damages for pecuniary losses, emotional pain

7

and suffering, inconvenience, mental anguish, and loss of enjoyment of life

due to the illegal acts taken against him;

d)  Award Plaintiff punitive damages for malice and reckless indifference to his

federally and state protected rights; and

e)  Grant Plaintiff a trial by jury.

Respectfully submitted,

CARL JACKSON, Plaintiff

PRYOR, ROBERTSON, BEASLEY
   & SMITH, PLLC
315 North 7th Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813 (telephone)
(479) 785-0254 (facsimile)
Attorneys for Plaintiff

By: _____
     Brian D. Simpson
     Arkansas Bar No. 2007206
     C. Brian Meadors
     Arkansas Bar No. 2001186